IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROGER BIGGS,<br><br>Defendant. | Case No. 25-cv-00073-DKW-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ACQUITTAL** |

On May 14, 2026, a jury found Defendant Roger Biggs guilty of producing, receiving, and possessing child pornography. Dkt. No. 116. On June 26, 2026,[1] Biggs filed a *pro se* motion for acquittal pursuant to Federal Rule of Criminal Procedure 29 on the basis of insufficiency of the evidence. Dkt. No. 120. For the reasons that follow, Biggs' motion is DENIED.

## **FACTUAL & PROCEDURAL BACKGROUND**

On May 14, 2026, after a four-day trial, a jury convicted Biggs of (1) production of child pornography under 18 U.S.C. §§ 2251(a) and 2251(e); (2) receipt of child pornography under 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1); and (3)

---

[1] Biggs dated the motion as signed and sent on June 26, 2026, Dkt. No. 120 at 1, which the Court accepts as the filing date. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (explaining prison mailbox rule). The Court did not receive Biggs' motion until July 2, 2026 and docketed it immediately. Dkt. No. 120.

possession of child pornography under 18 U.S.C §§ 2252A(a)(5)(B) and 2252A(b)(2). Dkt. No. 116. Biggs appeared *pro se* during the trial, alongside Court-appointed stand-by counsel Gary Singh. Dkt. No. 54.

On June 26, 2026, Biggs filed the present motion for acquittal. Dkt. No. 120. Biggs acknowledges that his motion was untimely filed but claims the untimeliness should be excused because he asked Singh to assume a lead counsel role and further assumed that Singh would pursue acquittal on his behalf. *Id*. at 1. Beyond overlooking the timeliness issue, Biggs asks the Court to overturn the jury verdict and acquit him on all counts because of allegedly insufficient evidence. *Id*.

## DISCUSSION

Federal Rule of Criminal Procedure 29 provides that on a defendant's motion, a district court must set aside a jury conviction and "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a), (c). Post-verdict, Rule 29 motions must be filed "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1).

Here, the jury rendered its verdict on May 14, 2026, the same day it was discharged by this Court, while Biggs mailed his motion on June 26, 2026, 42 days later. *See* Dkt Nos. 116 & 120. By Biggs' own admission, his motion is untimely. He asks, however, that the Court overlook this fact, claiming that he had mistakenly

believed that Singh would take over lead counsel role when Biggs requested him to do so, and that Singh would file a Rule 29 motion on his behalf.  Dkt. No. 120 at 1. Upon realizing his error, Biggs drafted the pending motion himself "with a great deal of invested time for gathering case law," causing him to file the motion late.  *Id*.

A court "on its own may extend the time" for a defendant to file his Rule 29 motion if the defendant failed to act because of "excusable neglect."  Fed.R.Crim.P. 45(b)(1)(B).[2]  Biggs' conduct here, however, does not meet this standard.  While excusable neglect can sometimes "cover[] cases of negligence, carelessness, and inadvertent mistake," *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1224 (9th Cir. 2000), it does not apply where "[t]he delay was entirely within [the defendant's] control." *Held v. Montana*, No. CV 22-137 (BLG)(SPW), 2026 WL 1245535, at *2 (D. Mont. May 6, 2026).  Biggs does not explain why he assumed Singh would take over the lead counsel role upon Biggs' request, when he made the request to Singh, or why he believed his unilateral approach without any notice or request to the Court would have any effect.  Proceeding in that fashion makes no sense when it was the Court, upon Biggs' request and following an extensive *Faretta* hearing, that removed Singh from the lead counsel role in the first place.  Dkt. Nos. 49–52, 54. Nor does Biggs explain why he assumed Singh would draft and file a Rule 29 motion

---

[2]Until 2005, Rule 45 forbade courts from granting an extension of time to file a Rule 29 motion. *See* Fed.R.Crim.P. 45 (Advisory Comm. Notes); *Carlisle v. United States*, 517 U.S. 416, 420 (1996).

on his behalf, much less what the contents of such a motion would include, when it would be filed, or even if Singh agreed to handle the matter in the manner envisioned by Biggs.  In addition, Biggs admits that at least part of his tardiness (what part, Biggs never mentions) was due to his own decision to draft the motion himself, which cost him valuable time spent "gathering case law."  Dkt. No. 120 at 1.  Biggs might have spent that time requesting an extension on the deadline to file his Rule 29 motion—instead, he created further delay.  *See United States v. Rotteveel*, No. CR 11-447 (WBS), 2014 WL 4244009, at *1 (E.D. Cal. Aug. 26, 2014), *aff'd*, 703 F. App'x 518 (9th Cir. 2017) ("Sitting on one's hands . . . is not excusable neglect.").

In short, to the extent that Biggs' late filing was due to an error, it appears to have been a wholly self-inflicted one.  Such circumstances do not constitute excusable neglect and because Biggs has failed to show any other grounds to excuse the lateness of his filing, his Rule 29 motion is denied.

## CONCLUSION

For the reasons set forth herein, Biggs' Motion for Acquittal, Dkt. No. 120, is DENIED.

IT IS SO ORDERED.

DATED: July 7, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge