KENNETH M. SORENSON
United States Attorney
District of Hawaii

MARGARET C. NAMMAR #9045
Assistant U.S. Attorney
HEIDI TURNER
Special Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Email: Margaret.Nammar@usdoj.gov
Heidi.Turner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR25-00073-DKW |
| | ) | |
| Plaintiff, | ) | UNITED STATES OF AMERICA'S |
| | ) | SENTENCING MEMORANDUM; |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| ROGER BIGGS, | ) | SENTENCING |
| | ) | DATE: September 3, 2026 |
| Defendant. | ) | TIME: 9:00 A.M. |
| | ) | JUDGE: Hon. Derrick K. Watson |
| | ) | |

UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM

The United States of America, by and through undersigned counsel, submits this Sentencing Memorandum in support of its sentencing recommendation for Defendant Roger Biggs (hereinafter "Biggs" or "Defendant"). For the reasons set forth below, and considering the relevant sentencing factors under 18 U.S.C. § 3553(a), Defendant's criminal conduct justifies a Guidelines sentence of imprisonment, followed by twenty years of supervised release. In addition, the Court must order Defendant to pay restitution in the amount of $6,000.

## I. BACKGROUND

### A. Procedural History

On July 31, 2025, Biggs was charged by a federal grand jury with production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count 1), receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1) (Count 2), and possession of child pornography involving a prepubescent minor or minor not yet 12 years old, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (Count 3). ECF No. 15. On April 30, 2026, the grand jury issued a Superseding Indictment, however, the charged violations remained the same. ECF No. 91.

On May 11, 2026, the case proceeded to trial. Following approximately four days of trial, on May 14, 2026, the jury returned a verdict of guilty on all three counts. ECF No. 116. Biggs is scheduled to be sentenced on September 3, 2026.

### B. Offense Conduct

The offense conduct is set forth in detail in the Presentence Investigation Report ("PSR"). *See* ECF No. 131. In summary, at trial, the evidence showed that in December 2024, the FBI National Threat Operations Center received an anonymous online complaint regarding allegations of the sexual exploitation of a child. The complaint identified the subject as Roger Wesley Biggs of Hanapepe, Hawaii. The FBI later became aware of numerous CyberTipline reports from the National Center for Missing and Exploited Children ("NCMEC"), which were related to Biggs. These CyberTipline reports were filed by members of the public, as well as multiple social media platforms.

The evidence at trial showed that Biggs was a serial, self-described "groomer" who targeted children, many of whom were mentally and emotionally vulnerable. Biggs contacted the children through direct message communications on social media platforms, sending thousands of messages to his victims. In one such message, he admitted to his victim: "i [sic] prey on vulnerable children." Biggs groomed the children by sending them photographs of himself, gifts, and money and by engaging in sexually explicit communications with them. He then convinced at least one child to produce and send him images and videos of himself involved in sexually explicit conduct.

Among his many victims were two 14-year-olds on the U.S. mainland, MV2

and the other of whom Biggs traveled to meet in person, MV1. Biggs was also convicted of possessing child pornography on his cellular phone, including at least one image of a prepubescent minor under the age of 12. In addition to MV1 and MV2, who were identified by the FBI, at least six other victims in the videos he possessed on his cellular phone have been identified by NCMEC.

## II. THE SENTENCING GUIDELINES CALCULATION AND OBJECTIONS

The United States Probation Office ("USPO") issued a draft PSR on July 13, 2026. ECF No. 124. On July 22, 2026, Defendant filed a sentencing statement noting that he had no objections to the draft PSR. ECF No. 129. On July 28, 2026, the United States filed its sentencing statement in which it provided additional facts relating to the victims, Defendant's obstruction of justice, and Defendant's sale of real property. ECF No. 130. The government further asserted that an upward adjustment should apply under USSG §2G2.2(b)(5) because the defendant engaged in a pattern of activity. *Id.* The final PSR was filed on August 13, 2026. ECF No. 131. All objections by the government have been resolved and the government has no remaining objections to the facts or Guidelines calculation. Nor is the government aware of any outstanding objections by Defendant.

Count 1 carries a mandatory minimum term of imprisonment of 15 years and a maximum of 30 years; Count 2 carries a mandatory minimum term of imprisonment of 5 years and a maximum of 20 years; and Count 3 has a maximum

term of 10 years. The available term of supervised release is 5 years to life. The USPO has correctly calculated Defendant's Guidelines as follows:

| **SENTENCING GUIDELINES CALCULATIONS**<br>**18 U.S.C. §§ 2251(a), 2251(e), 2252A(a)(2)(A), 2252A(b)(1), 2252A(a)(5)(B), and 2252A(b)(2) (Counts 1-3)** | |
|---|---|
| **Count 1: Production of Child Pornography 18 U.S.C. § 2251(a)** | |
| Base Offense Level (USSG §2G2.1(a)) | 32 |
| Minor who had attained the age of 12 but not 16 (USSG §2G2.1(b)(1)(B)) | +2 |
| Offense involved sexual contact (USSG §2G2.1(b)(2)(A)) | +2 |
| Offense involved the use of a computer (USSG §2G2.1(b)(6)(B)(ii)) | +2 |
| Obstruction of justice (USSG §3C1.1) | +2 |
| *Adjusted Offense Level* | *40* |
| **Counts 2 & 3: Receipt & Possession of Child Pornography 18 U.S.C. § 2252A** | |
| Base Offense Level (USSG §2G2.2(a)(2)) | 22 |
| Prepubescent minor or a minor under the age of 12 (USSG §2G2.2(b)(2)) | +2 |
| Material portraying sexual abuse/exploitation of infant/toddler (USSG §2G2.2 (4)(b)) | +4 |
| Engaged in pattern of sexual abuse/exploitation (USSG §2G2.2(b)(5)) | +5 |
| Offense involved the use of a computer (USSG §2G2.2(b)(6)) | +2 |
| 600 or more images (USSG §2G2.2(b)(7)(D)) | +5 |
| Obstruction of justice (USSG §3C1.1) | +2 |
| *Adjusted Offense Level* | *42* |
| Multiple Count Adjustment | |
| Total Number of Units | 2 |
| Greater Adjusted Offense Level + Units = 42 + 2 =<br>*Combined Adjusted Offense Level* | *44* |
| Covered sex crime and pattern of activity (USSG §4B1.5(b)(1)) | +5 |
| **TOTAL OFFENSE LEVEL** (49 treated as 43 (USSG Ch. 5, Pt. A, n.2)) | **43** |
| **Criminal History Category I** | |
| **720 Months of Imprisonment (statutory maximum)** | |

### A. The Advisory Guidelines Range

It is well-established that a court should consider a variety of factors in imposing a sentence on a criminal defendant, including the applicable range established by the Guidelines. 18 U.S.C. § 3553; *see also Kimbrough v. United States*, 552 U.S. 85, 90 (2007). Although the Guidelines and policy statements are advisory in nature, courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005). A sentencing court thus begins by calculating the applicable Guidelines range, which serves as "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007); *see also United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (the Guidelines are the starting point for a district court in determining a reasonable sentence). The court then must consider the sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and deter criminal conduct; and the need to avoid unwarranted disparities in sentencing. 18 U.S.C. § 3553(a); *see also Nelson v. United States*, 555 U.S. 350, 351 (2009) (explaining that after the court determines the applicable Guidelines sentencing range, it must "consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors").

## III. THE RELEVANT SECTION 3553(a) FACTORS

Based on all the section 3553(a) factors, the United States submits that a Guidelines sentence of 720 months' imprisonment is the appropriate sentence.

The nature and circumstances of Biggs's conduct is egregious. Biggs sought out his victims online and mostly targeted minors with particular vulnerabilities—those engaged in self-harm and struggling with their sexual identity. *See* PSR ¶¶ 12, 16, 25. Biggs ingratiated himself as a father figure, understood the power dynamic he held, and knew how to groom, manipulate, and break down the defenses of the minors that he preyed upon. He showered these minors with attention, professed his love to them, and rationalized his deeply inappropriate behavior to them. To use Biggs's own words from his Discord chat with MV2:

> Its not really predatory if i legit wanna make us work . . . It's still grooming tho, I'm absolutely grooming u . . . But grooming is just a scary way of saying I'm courting u. Yeah, i say and do the things i need to to convince u I'm the one for u, ur the one for me, this isnt a just another crush it could be our whole future.

In his chats, Biggs was transparent about his conduct and his goals. He fostered romantic relationships with these minors to satisfy his perverse sexual needs.

The Government is aware from Biggs's chats and the FBI's investigation that Biggs targeted numerous minors. In one chat, Biggs mentioned to MV2 his love for other likely minors, seemingly by their online monikers "zero," "sprout," "sids," "Keegan," "Juno," "wewels," "tiger," and "raku." MV2's victimization is

just one example of Biggs's modus operandi and likely just the tip of the iceberg of Biggs's conduct. Biggs found MV2 online and initiated contact with MV2 by commenting on a post MV2 made on Twitter. Biggs then took advantage of MV2, a minor who had a diagnosed mental health disorder, divorced parents, very little supervision, and was having a tough time transitioning to a new school. MV2 engaged in self-harm behavior, cutting himself, sometimes at the encouragement of Biggs. Biggs, in return, shared with MV2 photos of his own self-harm habit of burning his own arm with cigarettes. Biggs's further toxic influence on MV2 is apparent when Biggs also suggested that MV2 engage in sexual abuse, stating in a Discord chat to MV2, "I love that ur cousin molested u, u have the perfect excuse to continue the tradition." Biggs's manipulation of MV2 allowed Biggs to successfully victimize MV2 in the criminal activity Biggs is charged for. MV2 then had to re-live the trauma of being victimized as a child on the witness stand and, as a 16-year-old, identify lewd videos of himself to a room full of strangers. Biggs's impact on MV2 is undoubtedly likely to have profound psychological repercussions for the rest of MV2's life.

Biggs's objective throughout trial, meanwhile, was to shift the blame to MV2, never taking an ounce of responsibility for the damage he had done. Consistent with this lack of accountability, Biggs attempted to evade law enforcement by deleting over 27,000 messages on Discord. He then told MV2, "I

should probably uninstall disc until I'm sure my phone isn't getting taken." Furthermore, in what can only be seen as complete and total denial of responsibility or recognition of the wrongness of his conduct, Biggs went to lengths to continue communicating with MV1 while in custody. Biggs's refusal to accept responsibility indicates he does not recognize the significance and impact of his conduct and has no plans to reform.

There is no compelling mitigation that would justify a downward variance from the Guidelines in this case. The Court needs to impose a sentence that protects the public, deters the defendant from committing future crimes, reflects the seriousness of the offense, and promotes respect for the law.

//

//

//

//

//

//

//

//

//

//

## IV. CONCLUSION

Based upon the foregoing, the United States respectfully requests that the Court sentence Biggs to a Guidelines sentence of 720 months' imprisonment followed by 20 years of supervised release. Additionally, the Court must order restitution in the amount of $6,000.

DATED: August 28, 2026, at Honolulu, Hawaii.

Respectfully submitted,

KENNETH M. SORENSON
United States Attorney
District of Hawaii

By *_/s/ Margaret C. Nammar_*
MARGARET C. NAMMAR
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following:

Served Electronically by CM/ECF:

| | |
|---|---|
| GARY G. SINGH, ESQ.<br>Counsel for Defendant<br>ROGER BIGGS | gary@garysinghlaw.com |

Served via E-mail:

| | |
|---|---|
| SARA NIELING<br>Senior U.S. Probation Officer | sara_nieling@hip.uscourts.gov |

DATED: August 28, 2026, at Honolulu, Hawaii.

*/s/ Margaret C. Nammar*
MARGARET C. NAMMAR
Assistant U.S. Attorney